UNITED STATES COURT OF APPEALS
**Filed 1/2/97**
FOR THE TENTH CIRCUIT

| | |
|---|---|
| SHAFFER CLARK LEASING COMPANY, an Oklahoma general partnership,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Heartland Federal Savings & Loan Association,<br><br>    Defendant-Appellee. | No. 96-6105<br>(D.C. No. CIV-95-754-A)<br>(W.D. Okla.) |

ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Shaffer-Clark Leasing Company (Shaffer-Clark) appeals from the district court's order granting summary judgment against it in favor of the Federal Deposit Insurance Corporation (FDIC) on Shaffer-Clark's complaint for declaratory judgment. We affirm.

Shaffer-Clark acquired rights to a property in Ponca City, Oklahoma, which it intended to use for the construction of a bank building for Frontier Federal Savings and Loan Association (Frontier Federal). Shaffer-Clark and Frontier Federal agreed that Frontier Federal would loan Shaffer-Clark the necessary funds for construction of the bank building and would then lease the building from Shaffer-Clark. In March 1981, Frontier Federal entered into an agreement to lease the building from Shaffer-Clark for a twenty-five year period. The lease payments were set at the amount needed for Shaffer-Clark to retire its costs, including indebtedness on a prospective construction loan. On June 16, 1981, Shaffer-Clark executed a promissory note for $400,000 in favor of Frontier Federal, representing the amount due on the construction loan. It also executed a mortgage and assignment of lease in favor of Frontier Federal.

In August 1988, the Federal Savings and Loan Insurance Corporation (FSLIC) determined that Frontier Federal was insolvent. FSLIC was appointed receiver for Frontier Federal. It transferred the promissory note to Heartland Federal Savings and Loan Association (Heartland). FSLIC also notified Shaffer-Clark that it was repudiating the lease agreement. Heartland subsequently went into receivership. Its receiver, the FDIC, sold substantially all of Heartland's assets to Commercial Federal Bank (Commercial). FDIC retained the promissory note, however, and notified Shaffer-Clark to make all future payments to FDIC.

Commercial now occupied the bank building. Since FSLIC had repudiated the lease, Shaffer-Clark was obligated to renegotiate lease payments with Commercial. The lease payments Commercial made under the new agreement were insufficient to cover the payments due on the promissory note. Shaffer-Clark defaulted on the promissory note. It then filed this declaratory judgment action against FDIC, contending that the lease agreement and the note were all part of the same transaction, that when FSLIC opted to discontinue the lease agreement, it also repudiated the promissory note, and that Shaffer-Clark was thereby released from its obligations under the note. FDIC counterclaimed to enforce the note.

The district court granted summary judgment for FDIC, and entered judgment against Shaffer-Clark on the note. It found that in order to prove that the lease was linked to the note, and to thereby diminish the FDIC's interest in the note, Shaffer-Clark had to prove that the lease satisfied the requirements of 12 U.S.C. § 1823(e), or some exception thereto. It found that the lease agreement had not been executed contemporaneously with the note, and could therefore not satisfy these requirements. The district court also rejected Shaffer-Clark's argument, based on Howell v. Continental Credit Corp., 655 F.2d 743 (7th Cir. 1981), that since the FDIC was seeking to recover on the very obligation which Frontier Federal had breached, § 1823(e) did not apply. It reasoned that there was no recitation in the lease, note or accompanying documents of a linked, bilateral obligation between payments on the note and payments on the lease.

"We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c)." Ingels v. Thiokol Corp., 42 F.3d 616, 620 (10th Cir. 1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We have carefully reviewed the district court's order, the record and the applicable law. We conclude that summary judgment should be affirmed, for substantially the same reasons stated in the district court's order of March 1,

1996.  The judgment of the United States District Court for the Western District of Oklahoma is therefore AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge